United States District Court

Eastern District of California

Raul Montano,

      Plaintiff,                    No. Civ. S 05-1247 FCD PAN P

  vs.                             Order

Stat of California, et al.,

      Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action. He seeks leave to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration, which the court deems timely, makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a). An initial partial filing fee of $5.42 is assessed pursuant to section

1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

I have reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and find it does not state a cognizable claim against any defendant.  The complaint is dismissed with leave to amend.

Any amended complaint must show the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); <u>see</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them.  Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986).

It is sufficient, for example, for a prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care to allege that on a specific day an identified state actor with individual responsibility for obtaining or providing medical care knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial personal injury.

The June 22, 2005, complaint, which lists the State of California as the only identified defendant and alleges exhaustion is not required, seeks damages and emergency injunctive relief but includes no factual allegations. Plaintiff's motion for emergency injunctive relief filed the same day identifies as defendants Warden Cary, Dr. Traquina, Dr. Sharon, Dr. Solomon and Dr. Tran but fails to show how any of these defendants are responsible for the alleged constitutional deprivation.  Plaintiff claims he saw a doctor in the primary clinic about dizziness as a side effect of medication, and 22 days later he fell in the shower damaging his teeth.  He seeks emergency relief concerning dizziness, headaches and tooth pain. These allegations amount to negligence at most, and the plaintiff offers nothing to support the substantiality of ongoing medical need.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, supra. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended

complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250 for this action. Plaintiff is assessed an initial partial filing fee of $5.42. The fee shall be collected in accordance with the notice to the Director of the California Department of Corrections filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's June 22, 2005, motion for emergency injunctive relief is denied without prejudice. Plaintiff may renew such motion in the event he filed an amended complaint stating a cognizable claim against an identified defendant.

Dated: December 27, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge